**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| BERTRAM GORDON, | : | CIVIL ACTION NO. |
| GDC ID # 1000454983, Case # 741163, | : | 1:17-CV-00430-WSD-JCF |
|    Petitioner, | : | |
| | : | |
|    v. | : | |
| | : | |
| ANTONIO CALDWELL, | : | HABEAS CORPUS |
|    Respondent. | : | 28 U.S.C. § 2254 |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Petitioner, a Georgia prisoner, has filed a 28 U.S.C. § 2254 habeas corpus petition challenging his December 2010 DeKalb County convictions for aggravated battery and possession of a firearm during the commission of a felony. (Doc. 1 at 1; *see* Doc. 9-1 at 1). **IT IS RECOMMENDED** that the petition be **DENIED**.

## I.   Background

The Court of Appeals of Georgia found the following evidence, viewed in the light most favorable to the guilty verdicts, sufficient to sustain them:

> [T]he record shows that in early 2007, the victim, a cabdriver, frequently drove [Petitioner's] girlfriend to and from her workplace and her children's daycare center, and did so at times without pay. Although [Petitioner] and the victim were acquainted, [Petitioner] did not approve of the friendship between the victim and the girlfriend. On April 16, 2007, [he] called the victim and asked him where he was. The victim told [him] that he was at a Piccadilly restaurant. [Petitioner] borrowed his girlfriend's new Chevrolet, drove up to the victim's cab, where he was

sitting with the door open, and fired at him three times, hitting him once in the left leg and once in the abdomen. Three spent rounds were found on the ground near the victim's cab.

An eyewitness saw the shooting, followed the Chevrolet, and called 911. While the eyewitness remained on the line with the 911 operator, police relayed the eyewitness's description of the car [that Petitioner] was driving to officers in the field. After a high-speed car chase ending in a crash at an apartment complex, [Petitioner] fled on foot and was apprehended by police.[1] The victim recognized [Petitioner] at the scene and identified him from a photographic lineup and at trial.

*Gordon v. State*, 734 S.E.2d 777, 779 (Ga. Ct. App. 2012).

On direct appeal, Petitioner argued that trial counsel was ineffective when he

(a) failed to move for a mistrial concerning evidence that police sometimes responded to the couple's apartment when they were arguing, (b) failed to object to a police officer's testimony concerning a dispatch description of [Petitioner] as hearsay, and (c) described his job as "hard" because he had to "convince" the jury that reasonable doubt existed as to [Petitioner's] guilt.

*Id.* The appellate court rejected these claims and affirmed Petitioner's convictions and 25-year sentence. *Id.* at 778.

In his state habeas petition, Petitioner raised six claims of ineffective assistance of appellate counsel and nine claims of ineffective assistance of trial counsel. (*See*

---

[1]Petitioner was not apprehended at the scene of the crash. (*See* Doc. 12-1 at 290-91). Based on documents found in the vehicle, the police identified its owner as Petitioner's girlfriend. (*See* Doc. 13-1 at 79-84).

2

Doc. 10-4 (State Habeas Order)).  The state habeas court denied these claims.  (*Id.*).

Petitioner filed an application for a certificate of probable cause ("CPC"), seeking

review in the Supreme Court of Georgia, which was summarily denied.  (Doc. 10-5).

In his federal habeas petition, Petitioner raises two grounds of ineffective

assistance of appellate counsel and two grounds of ineffective assistance of trial

counsel, which are set forth in detail below.

## II.   **Merits Review**

### A.   **General Standards Of Habeas Corpus Review**

A federal court may not grant habeas corpus relief for claims previously decided

on the merits by a state court unless the decision (1) "was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States," or (2) "was based on an unreasonable

determination of the facts in light of the evidence presented in the State court

proceeding."  28 U.S.C. § 2254(d).  A state court's determination of a factual issue is

presumed correct unless the petitioner rebuts that presumption "by clear and

convincing evidence."  28 U.S.C. § 2254(e)(1).

In *Williams v. Taylor*, 529 U.S. 362, 412 (2000), the Supreme Court explained

that, in applying 28 U.S.C. § 2254(d), a federal habeas court first ascertains the

"clearly established Federal law" based on "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." The federal habeas court then considers whether the state court decision is "contrary to" that clearly established federal law, i.e., whether the state court "applies a rule that contradicts the governing law set forth" in Supreme Court cases, or "confronts a set of facts that are materially indistinguishable from" those in a Supreme Court decision "and nevertheless arrives at a result different from" that decision. *Id.* at 405-06.

If the federal habeas court determines that the state court decision is not contrary to clearly established federal law, it then considers whether the decision is an "unreasonable application" of that law, i.e., whether "the state court identifies the correct governing legal principle" from the Supreme Court's decisions, "but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "For purposes of § 2254(d)(1), an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotations omitted). "Under § 2254(d)(1)'s 'unreasonable application' clause . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly[, but r]ather, that

4

application must also be unreasonable." *Williams*, 529 U.S. at 411. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was *an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement*." *Richter*, 562 U.S. at 103 (emphasis added).

Although a federal court is not prohibited from considering the findings and conclusions that support a lower court's ruling on a petitioner's claims, in this Circuit the relevant ruling is the one issued by the last state appellate court to consider the claims on their merits. *See Hittson v. GDCP Warden*, 759 F.3d 1210, 1231 (11th Cir. 2014) (noting that "the highest state court decision reaching the merits of a habeas petitioner's claim is the relevant state court decision [for a federal habeas court to] review under AEDPA" (internal quotations omitted), which for a Georgia petitioner's state habeas claim is the decision of the Supreme Court of Georgia, even if the Supreme Court "summarily denied" the petitioner's CPC application without offering any rationale for its ruling); *see also Wilson v. Warden*, 834 F.3d 1227, 1230 (11th Cir. 2016) (*en banc*) ("conclud[ing] that federal courts need not 'look through' a summary decision on the merits to review the reasoning of the lower state court"); *id.*

at 1235 (noting that when the Supreme Court of Georgia has denied a CPC application without explanation, the petitioner "must establish that there was no reasonable basis" for the denial); *but see Butts v. GDCP Warden*, 850 F.3d 1201, 1204 (11th Cir. 2017) ("Because it does not matter to the result, and to avoid any further complications if the United States Supreme Court disagrees with our *Wilson* decision, we have decided this appeal on the same basis that the district court did: by using the more state-trial-court focused approach in applying § 2254(d).").

### B.    Merits Review Of Ineffective-Assistance-Of-Counsel Claims

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth the standard for evaluating a claim of ineffective assistance of counsel, which "is an attack on the fundamental fairness of the proceeding whose result is challenged." *Id.* at 697.  The analysis involves two components, but a court need not address both if the petitioner "makes an insufficient showing on one." *Id.*

First, a federal habeas court determines "whether, in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id.* at 690.  The court "must be highly deferential" in scrutinizing counsel's performance and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance." *Id.* at 689.  In other words, the petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (Internal quotations omitted). "Given the strong presumption in favor of competence, the Petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (*en banc*).

Second, a federal habeas court determines whether counsel's challenged acts or omissions prejudiced the petitioner, i.e., whether "there is a reasonable probability" — one "sufficient to undermine confidence in the outcome" — that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112 (noting that "the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters only in the rarest case" (internal quotations omitted)).

"Surmounting *Strickland*'s high bar is never an easy task. . . . Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. . . . The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best

7

practices or most common custom." *Id.* at 105 (citations and internal quotations omitted).

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so. . . . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. *The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.*

*Id.* (citations and internal quotations omitted) (emphasis added).

The foregoing analysis also applies to claims of ineffective assistance of appellate counsel. "A first appeal as of right . . . is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney." *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). "A defendant can establish ineffective assistance of appellate counsel by showing: (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal." *Shere v. Sec'y, Fla. Dep't of Corr.*, 537 F.3d 1304, 1310 (11th Cir. 2008) (citing *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000)). But appellate counsel "need not advance *every* argument, regardless of merit, urged by the appellant." *Lucey*, 469 U.S. at 394; *see Robbins*, 528 U.S. at 288 (noting that "it is difficult to demonstrate

8

that [appellate] counsel was incompetent" for failing "to raise a particular claim," and "[g]enerally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome" (internal quotations omitted)).   The *Richter* test set forth above, which applies when a state court has adjudicated a claim on the merits, also applies to claims of ineffective assistance of appellate counsel.  *See Bourne v. Curtin*, 666 F.3d 411, 414 (6th Cir. 2012) (citing *Richter*, 562 U.S. at 105).

**III.   Discussion**

**A.   Ground 1: Appellate Counsel Failed To Perfect The Appeal**

In ground one, Petitioner asserts that appellate counsel failed to "prepare and perfect" the appeal regarding the inadequacy of trial counsel's preparation and pre-trial investigation, including his failure to conduct an in-depth interview of any witness or to present any evidence in Petitioner's defense.  (Doc. 1 at 5).  In support, Petitioner argues:

> The record would reveal that [] appellate counsel['s] investigation was inadequate and no investigation report exists in the record to bolster a failed trial strategy of "Mistaken Identity" preferred by trial counsel[;] no report [exists] of any in-depth interview of any witness that [the] prosecution presented[;] no record [exists] of any [] interview report of any witness that petitioner requested of trial counsel[; and] no evidence [was] presented [to support] trial counsel['s] proposed defense at trial.

9

(Doc. 16 (Petr.'s Reply) at 5).  Petitioner asserts that appellate counsel testified at the state habeas hearing that trial counsel may have been able to impeach the victim's testimony had he obtained the phone records Petitioner "tried vehemently to evoke [him] to acquire prior to going to trial."  (*Id.* at 5-6).  Petitioner contends that appellate counsel provided ineffective assistance by failing to raise on appeal "trial counsel's deficient pre-trial investigation."  (*Id.*).

The state habeas court rejected Petitioner's ground one federal habeas claim — raised as his first state habeas claim — because Petitioner "failed to show that his appellate counsel's performance was deficient or that he was prejudiced by it."  (Doc. 10-4 at 5).  The court made the following findings:

> Petitioner was represented at the trial level by Ryan Meck. Petitioner was represented at the appellate level by Lynn Kleinrock. Appellate counsel testified that she was admitted to the State Bar of Georgia in 1997 and has been practicing criminal law since that time. Appellate counsel testified that in preparation for Petitioner's appeal, she spoke with Petitioner, looked for issues that arose during trial, read through the trial transcript, interviewed the trial attorney, and looked through the file.
>
> Appellate counsel further stated that she dismissed the amendment at the motion for new trial hearing relating to trial counsel's alleged failure to investigate because she did not believe that it was a viable issue to raise on appeal and that it was within the trial strategy of trial counsel. [She] stated that she often eliminates a claim either at the hearing or following the hearing if she believes it is not a viable issue. [She] stated she chose to eliminate the amended motion regarding trial counsel's alleged failure

to investigate because she wanted to bring the strongest issues on appeal. (*Id.* at 3-4 (citations omitted)).

According to the Court of Appeals of Georgia, the jury was entitled to find from the evidence presented at Petitioner's trial that he was the driver of the vehicle used in the shooting, as identified by a 911 caller who witnessed the shooting and followed the vehicle until a police officer picked up the chase.[2] *See Gordon*, 734 S.E.2d at 779. In that light, the Court finds no error in the state habeas court's conclusion that there was no reasonable probability that, absent the alleged failures of appellate counsel set forth in federal habeas ground one, the outcome of Petitioner's appeal would have been different. Petitioner has failed to identify, in the state habeas court's order rejecting his federal habeas ground one claim, an error that is "well understood and comprehended in existing law beyond any possibility for fairminded disagreement," *Richter*, 562 U.S. at 103, especially in light of the Supreme Court's admonition that a claim of ineffective assistance of counsel must fail if there is "*any* reasonable argument that counsel satisfied *Strickland*'s deferential standard," *id.* at 105 (emphasis

---

[2]The police officer who was chasing the vehicle positively identified Petitioner at trial "because [he] saw him at the stoplight. [He and Petitioner] looked right at each other." (Doc. 12-1 at 296). Within minutes of the shooting, the victim also identified Petitioner as the assailant. (Doc. 13-1 at 71).

added).  Ground one fails.

**B.**   **Ground 2: Appellate Counsel Allowed A Tainted Trial To Proceed Into The Appeal**

In ground two, Petitioner asserts that appellate counsel "allowed a tainted trial to proceed into petitioner's appeal" by failing to raise the issue of the phone records that Petitioner had "requested from trial counsel," which showed that the state's star witness gave "totally fabricated" testimony.  (Doc. 1 at 6).  In support, Petitioner argues that appellate counsel was ineffective for failing to investigate (1) the victim's testimony that Petitioner had left threatening messages on the victim's phone when in fact the evidence showed that the victim did not have a message service on his phone; and (2) the change in the victim's description of the shooter to match Petitioner's features, in particular the length of his hair.  (Doc. 16 at 7-8).

In his third state habeas claim, Petitioner alleged that

he received ineffective assistance of counsel at the appellate level in that appellate counsel "willingly allowed a tainted trial to proceed into the states [sic] of Petitioner's appeal. Ms. Kleinrock asked and received a continuance to acquire phone records or phone calls made at the time of the incident that the so-called victim proclaimed defendant call [sic] him with threats. Appellate counsel knew of no calls made to victim [sic] phone. Because the phone records proved there was [sic] no incoming calls at that time."

(Doc. 10-4 at 7).  The state habeas court rejected this claim as follows:

12

> Appellate counsel requested phone records as part of her investigation into Petitioner's ineffective assistance of trial counsel claims to establish whether or not it was an error for trial counsel not to utilize the phone records. Petitioner had expressed interest in these records because of phone calls of a harassing nature between himself and the victim. The record shows that trial counsel told appellate counsel he did not pursue the phone records because he didn't think they would be helpful and felt they would help establish motive for the State. Ultimately appellate counsel did not raise an ineffectiveness claim based on trial counsel's failure to introduce phone records because they would have not been helpful to Petitioner's case at trial and would have bolstered the State's case for motive.
>
> . . . .
>
> Petitioner has failed to show that his appellate counsel's performance was deficient or that he was prejudiced by it. Appellate counsel stated that she did not raise trial counsel's failure to introduce telephone records at the motion for new trial because she did not believe that it was a viable issue and that it was within the trial strategy of trial counsel.

(*Id.* at 7, 8 (citations omitted)).

Once again, Petitioner has failed to identify, in the state habeas court's order rejecting his federal habeas ground two claim, an error that is "well understood and comprehended in existing law beyond any possibility for fairminded disagreement," *Richter*, 562 U.S. at 103, especially in light of the Supreme Court's admonition that a claim of ineffective assistance of counsel must fail if there is "*any* reasonable argument that counsel satisfied *Strickland*'s deferential standard," *id.* at 105 (emphasis added). He has failed to show how he was prejudiced by the failure of appellate

13

counsel to claim on appeal that trial counsel had provided ineffective assistance by not introducing the allegedly exculpatory phone records at trial.  Nor has he shown that the records were indeed exculpatory, as he alleges.  Ground two also fails.[3]

## C.   Grounds Three And Four: Procedural Default

Federal habeas review is generally barred for a claim that was procedurally defaulted in state court, i.e., a claim "*not* resolved on the merits in the state proceeding" based on "an independent and adequate state procedural ground." *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977).  "[W]here the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the

---

[3]And grounds one and two would fail even if *de novo* review were warranted because trial counsel's performance was not deficient, so that challenging his performance on direct appeal would not have changed the outcome of Petitioner's appeal.  Trial counsel, in cross-examining the victim, the 911 caller and the officer who gave chase to the vehicle involved in the shooting, emphasized to the jury that none of these witnesses got a good look at the assailant and that the descriptions of the assailant given by the victim and the officer diverged from the appearance of Petitioner on the day of the shooting  — thereby suggesting that the case against Petitioner was one of mistaken identity.  (*See* Doc. 12-1 at 275-82, 291-95; Doc. 13-1 at 66-68).  Moreover, Petitioner has not pointed to any other evidence trial counsel might have presented to support a mistaken identity defense, such as an alibi witness who could have placed him elsewhere at the time of the shooting.   And even if trial counsel had undermined the victim's credibility by presenting phone records showing that the victim was lying about Petitioner's allegedly threatening phone message, both Petitioner and his girlfriend testified at trial that Petitioner was upset about her relationship with the victim (*see* Doc. 13-1 at 30-31, 34-37, 98-102, 108-16), and there were two other witnesses — the 911 caller and the police officer — whose testimony together positively identified Petitioner as the assailant.

14

Petitioner's federal claims are barred, *Sykes* requires the federal court to respect the state court's decision." *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999); *see Bucklon v. Sec'y, Fla. Dep't of Corr.*, 606 Fed. Appx. 490, 492 n.2 (11th Cir. 2015) (same, citing *Bailey*).

Under Georgia law, a defendant procedurally defaults a claim by failing to raise it at the first available opportunity. *See State v. Larocque*, 489 S.E.2d 806, 808 (Ga. 1997) (noting that Georgia courts have "long followed the contemporaneous objection rule, which provides that counsel must make a proper objection on the record at the earliest possible time to preserve for review the point of error"). Thus, "[e]rrors not raised in the trial court will not be heard on appeal." *Earnest v. State*, 422 S.E.2d 188, 190 (Ga. 1992). And if a defendant has "new counsel appointed or retained after [his] trial," he waives claims of ineffective assistance of trial counsel by failing to raise them "at the first possible stage of post-conviction review," i.e., in a motion for new trial or on direct appeal. *White v. Kelso*, 401 S.E.2d 733, 734 (Ga. 1991).

In addition, "failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus." *Black v. Hardin*, 336 S.E.2d 754, 755 (Ga. 1985) (noting, however, that "an otherwise valid procedural bar will not preclude a habeas corpus court from

15

considering alleged constitutional errors or deficiencies if there shall be a showing of adequate cause for failure to object or to pursue on appeal and a showing of actual prejudice to the accused," or if necessary "to avoid a miscarriage of justice where there has been a substantial denial of constitutional rights"). *See* O.C.G.A. § 9-14-48(d) (providing that state habeas court shall "consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal," and, if he did not, shall deny him habeas relief absent cause and prejudice or a miscarriage of justice); *Head v. Stripling*, 590 S.E.2d 122, 128 (Ga. 2003) (stating that "'[m]iscarriage of justice' is primarily associated with its core purpose, i.e., to free the innocent who are wrongly convicted, and should rarely be used to overcome otherwise-valid procedural bars"); *Turpin v. Todd*, 493 S.E.2d 900, 905 (Ga. 1997) (noting that "the procedural default standards of § 9-14-48(d) are modeled on the federal standards").

The procedural bar to federal habeas review may be lifted if the petitioner can demonstrate either (1) cause for the default and actual prejudice from the alleged violation of federal law, or (2) a fundamental miscarriage of justice, i.e., that he will remain incarcerated despite his actual innocence unless the federal court considers his defaulted claim. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v.*

*Carrier*, 477 U.S. 478, 488-89, 495-96 (1986).  To establish cause for a procedural default, a petitioner must show either that his counsel's assistance was so ineffective that it violated his Sixth Amendment right to counsel or "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488.  "To establish 'prejudice,' a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different" had he presented his defaulted claim. *Henderson v. Haley*, 353 F.3d 880, 892 (11th Cir. 2003).

To establish a fundamental miscarriage of justice, i.e., "that constitutional error has resulted in the conviction of one who is actually innocent of the crime," a petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," *Schlup v. Delo*, 513 U.S. 298, 324 (1995), and he "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence," *id.* at 327.

If a petitioner has procedurally defaulted a claim in state court and "makes no attempt to demonstrate cause or prejudice" or a fundamental miscarriage of justice, that "claim is not cognizable in a federal" habeas action.  *Gray v. Netherland*, 518

17

U.S. 152, 162 (1996).

### 1. Ground 3: Trial Counsel Failed To Investigate The Case

In ground three, Petitioner asserts that trial counsel failed to investigate his case, interview any of his requested witnesses or do an in-depth interview of any witness, and "was unaware of the circumstances of [his] trial."  (Doc. 1 at 8).  In support, Petitioner asserts:

> Trial counsel rendered ineffective assistance when there was no pre-trial investigation into the preferred defense of "Mistaken Identity." Counsel put forth no evidence or called any witness to this failed strategy. And the only interview done on behalf of trial counsel Mr. Meck['s] office was of a witness (Maddox) who wasn't called and gave a complete[ly] different description of the events [] of April 16, 2007.

(Doc. 16 at 9).  Petitioner notes that trial counsel failed "to acquire material evidence of phone records" and failed to interview critical witnesses, including Petitioner's girlfriend, prior to trial.  (*Id.* at 10).

### 2. Ground 4: Trial Counsel Failed To Adversely Contend The Case

In ground four, Petitioner asserts that trial counsel "failed to adversely contend [his] case," was "totally unprepared to address any issue at [his] trial" and refused "to address the perjured testimony of the state witness."  (Doc. 1 at 10).  In support, Petitioner asserts that "[t]rial counsel's inadequate investigation was also present in

18

his failure to adversely contend [the] prosecutor[']s case with impeachable facts"
regarding the termination from police employment of the state's witness, Officer
Shannon Bradley (Doc. 16 at 10), who chased Petitioner into the woods (*see* Doc.
12-1 at 290-91). Petitioner argues that trial counsel's lack of preparation reveals the
complete lack of a defense strategy, which "shows that counsel's actions actually
resulted from inattention or neglect, rather than reasoned judgment." (Doc. 16 at 10-
11).

### 3.   **Procedural Default: Analysis**

Because Petitioner had new counsel for his motion for new trial and on direct
appeal, he was obligated to raise his claims of ineffective assistance of trial counsel
in his motion for new trial to avoid the procedural default of these claims. *See Kelso*,
401 S.E.2d at 734. As the state habeas court found, Petitioner failed to do so, and
therefore he procedurally defaulted the claims. (*See* Doc. 10-4 at 10-21 (concluding
— with respect to Petitioner's state habeas claims five through twelve, alleging
ineffective assistance of trial counsel — that "Petitioner has failed to show that he
received ineffective assistance of counsel at the appellate level and has thus failed to
overcome the procedural bar to the consideration of" these claims)).

Petitioner has not demonstrated, or even alleged, ineffective assistance of

19

appellate counsel, or any other cause, to excuse the procedural default of his federal habeas ground three and four claims, which are therefore barred from merits review in this Court. *See Netherland*, 518 U.S. at 162. Grounds three and four also fail.[4]

## IV.   Certificate Of Appealability

A state prisoner must obtain a certificate of appealability (COA) before appealing the denial of his federal habeas petition. 28 U.S.C. § 2253(c)(1)(A). A COA may issue only when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). A petitioner need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)). Because there is no reasonable argument to support a finding that

---

[4]And because these grounds raise essentially the same substantive claims of trial counsel ineffectiveness that Petitioner raises in grounds one and two, they would fail on the merits even if Petitioner had not procedurally defaulted them.

Petitioner has presented a non-defaulted ground of sufficient merit to warrant federal habeas relief, a certificate of appealability should not issue in this case.

## V.    Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the Court **DENY** the petition for a writ of habeas corpus (Doc. 1), **DISMISS** this action, and **DENY** Petitioner a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED** this <u>9th</u> day of <u>May</u>, 2017.

 /s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge

21