# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

BERTRAM GORDON,
GDC ID # 1000454983,

    **Petitioner,**

v.

ANTONIO CALDWELL,

    **Respondent.**

1:17-cv-430-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge J. Clay Fuller's Final Report and Recommendation ("R&R") [17]. The R&R recommends the Court deny Petitioner Bertram Gordon's ("Petitioner") 28 U.S.C. § 2254 habeas corpus petition [1] ("Section 2254 Petition") challenging his December 2010 DeKalb County convictions for aggravated battery and possession of a firearm during the commission of a felony. Also before the Court are Petitioner's Objections to the R&R [21]; Motion to Amend Objections [22], and Amended Objections to the R&R [23] ("Amended Objections").

## I.    BACKGROUND

Petitioner was indicted by the DeKalb County Grand Jury on August 10, 2009, for aggravated assault, possession of a firearm during the

commission of a felony, and two counts of aggravated battery. Following a jury trial on December 17, 2010, Petitioner was found guilty of aggravated assault, possession of a firearm during the commission of a felony, and two counts of aggravated battery. Petitioner was sentenced to twenty five years in prison.

The Court of Appeals of Georgia found the following evidence, viewed in the light most favorable to the guilty verdicts, sufficient to sustain them:

> [T]he record shows that in early 2007, the victim, a cabdriver, frequently drove [Petitioner's] girlfriend to and from her workplace and her children's daycare center, and did so at times without pay. Although [Petitioner] and the victim were acquainted, [Petitioner] did not approve of the friendship between the victim and the girlfriend. On April 16, 2007, [he] called the victim and asked him where he was. The victim told [him] that he was at a Piccadilly restaurant. [Petitioner] borrowed his girlfriend's new Chevrolet, drove up to the victim's cab, where he was sitting with the door open, and fired at him three times, hitting him once in the left leg and once in the abdomen. Three spent rounds were found on the ground near the victim's cab.
>
> An eyewitness saw the shooting, followed the Chevrolet, and called 911. While the eyewitness remained on the line with the 911 operator, police relayed the eyewitness's description of the car [that Petitioner] was driving to officers in the field. After a high-speed car chase ending in a crash at an apartment complex, [Petitioner] fled on foot and was apprehended by police. The victim recognized [Petitioner] at the scene and identified him from a photographic lineup and at trial.

Gordon v. State, 734 S.E.2d 777, 779 (Ga. Ct. App. 2012).

On May 9, 2017, the Magistrate Judge issued the R&R recommending that the Petition be denied. ([17]). The Magistrate Judge considered Petitioner's

2

claims regarding two grounds of ineffective assistance of appellate counsel and two grounds of ineffective assistance of trial counsel.  Petitioner asserts that his appellate counsel failed to "prepare and perfect" the appeal regarding the inadequacy of trial counsel's preparation and pretrial investigation, and that his appellate counsel "allowed a tainted trial to proceed into petitioner's appeal" by failing to raise the issue of certain allegedly exculpatory phone records.  The Magistrate Judge found no error in the state habeas court's conclusion that there was no reasonable probability that, absent the alleged failures of appellate counsel set forth in federal habeas grounds, the outcome of Petitioner's appeal would have been different.

Regarding his ineffective assistance of trial counsel claims, Petitioner asserts that trial counsel failed to properly investigate his case and "failed to adversely contend [his] case."  The Magistrate held that "[b]ecause Petitioner had new counsel for his motion for new trial and on direct appeal, he was obligated to raise his claims of ineffective assistance of trial counsel in his motion for new trial to avoid the procedural default of these claims."  (R&R at 19).  The Magistrate found that Petitioner failed to raise any basis to excuse the procedural default of his claims for ineffective assistance of trial counsel.  (R&R at 19-20).

On June 2, 2017, Petitioner filed his Objections to the Magistrate's R&R.  ([21]).  On June 5, 2017, Petitioner filed his Motion to Amend Objections.  ([22]).  On June 26, 2017, Petitioner filed his Amended Objections to the R&R.  ([23]).

In the Amended Objections, Petitioner repeats his four grounds of ineffective assistance of counsel with little reference to the R&R.  Petitioner first objects that his appellate counsel "failed to perfect [his] appeal" by allegedly failing to raise on appeal trial counsel's allegedly deficient pre-trial investigation.  Petitioner again asserts that his appellate counsel was ineffective for failing to raise the issue of phone records which Petitioner asserts disprove the victim's testimony that Petitioner had left threatening messages on the victim's phone.  Petitioner repeats his third and fourth grounds regarding ineffective assistance of trial counsel, asserting that he "he has shown established cause for this procedural default in showing that his trial and appellate counsel was so inadequate that it violated his Sixth Amendment right to effective assistance of counsel."

## II. DISCUSSION

### A. Standard of Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate

4

judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where no party has objected to the report and recommendation, the Court conducts only a plain error review of the record. <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam). Because Petitioner generally objects to the Magistrate Judge's rejection of his ineffective assistance of appellate counsel claims and its finding that Petitioner failed to show cause excusing the procedural default of his ineffective assistance of trial counsel claims, the Court conducts its review of those findings and recommendations *de novo*. For those portions of the R&R to which an objection was not made, the Court reviews them for plain error. <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983)

  B. <u>Grounds Adjudicated on the Merits by the State Habeas Court</u>

    1. <u>Review Process</u>

A federal court may not grant habeas relief for claims previously adjudicated on the merits by a state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an

5

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." Harrington v. Richter, 562 U.S. 86, 101 (2011) (internal quotation marks omitted) (quoting Williams v. Taylor, 529 U.S. 362, 410 (2000)). "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 103. The state court's determinations of factual issues are presumed correct, absent "clear and convincing evidence" to the contrary. 28 U.S.C. § 2254(e)(1).

        2.     Merits Review of Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel's conduct was "outside the wide range of professionally competent assistance" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 690 (1984). Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Even if a reviewing court

6

determines that "many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so." Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994); see also White v. Singletary, 972 F.2d 1218, 1221 (11th Cir. 1992) ("We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.").

When this deferential Strickland standard is "combined with the extra layer of deference that § 2254 provides [in federal habeas cases], the result is double deference and the question becomes whether 'there is any reasonable argument that counsel satisfied Strickland's deferential standard.'" Johnson v. Sec'y, DOC, 643 F.3d 907, 910-11 (11th Cir. 2011) (quoting Harrington, 562 U.S. at 105). "Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." Id. at 911.

This analysis also applies to claims of ineffective assistance of appellate counsel. "A first appeal as of right . . . is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney." Evitts v. Lucey, 469 U.S. 387, 396 (1985). "A defendant can establish

ineffective assistance of appellate counsel by showing: (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal." Shere v. Sec'y, Fla. Dep't of Corr., 537 F.3d 1304, 1310 (11th Cir. 2008) (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000)). But appellate counsel "need not advance every argument, regardless of merit, urged by the appellant." Lucey, 469 U.S. at 394; see Robbins, 528 U.S. at 288 (noting that "it is difficult to demonstrate that [appellate] counsel was incompetent" for failing "to raise a particular claim," and "[g]enerally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome" (internal quotations omitted)). The Richter test set forth above, which applies when a state court has adjudicated a claim on the merits, also applies to claims of ineffective assistance of appellate counsel. See Bourne v. Curtin, 666 F.3d 411, 414 (6th Cir. 2012) (citing Richter, 562 U.S. at 105).

Petitioner here objects to the Magistrate Judge's denial of the following claims related to the ineffective assistance of appellate counsel that were adjudicated on the merits by the state habeas court: (1) that that appellate counsel failed to "prepare and perfect" the appeal regarding the inadequacy of trial counsel's preparation and pretrial investigation, including his failure to conduct an

8

in-depth interview of any witness or to present any evidence in Petitioner's defense, (Amended Objections at 2-4), and (2) Petitioner's assertion that appellate counsel "allowed a tainted trial to proceed into petitioner's appeal" by failing to raise the issue of the phone records that Petitioner had "requested from trial counsel," which showed that the state's star witness gave "totally fabricated" testimony, (Amended Objections at 4-5).

### a. Ground 1: Appellate Counsel Failed To Perfect the Appeal

The Magistrate Judge found that Petitioner failed to identify, in the state habeas court's order rejecting his federal habeas ground one claim, an error that is "well understood and comprehended in existing law beyond any possibility for fairminded disagreement," especially in light of the Supreme Court's admonition that a claim of ineffective assistance of counsel must fail there "any reasonable argument that counsel satisfied Strickland's deferential standard." (R&R [17] at 11 (internal citations omitted)). The Court agrees. According to the Court of Appeals of Georgia, the jury was entitled to find from the evidence presented at Petitioner's trial that he was the driver of the vehicle used in the shooting, as identified by a 911 caller who witnessed the shooting and followed the vehicle until a police officer picked up the chase. See Gordon, 734 S.E.2d at 779. On *de novo* review,

9

the Court finds no error in the state habeas court's conclusion that there was no reasonable probability that, absent the alleged failures of appellate counsel set forth in federal habeas ground one, the outcome of Petitioner's appeal would have been different.

    b. <u>Ground 2: Appellate Counsel Allowed a Tainted Trial to Proceed into the Appeal</u>

Petitioner objects to the Magistrate Judge's findings regarding his second stated ground of ineffective assistance of appellate counsel, in which Petitioner asserts that appellate counsel "allowed a tainted trial to proceed into petitioner's appeal" by failing to raise the issue of the phone records that Petitioner had "requested from trial counsel," which showed that the state's star witness gave "totally fabricated" testimony. ([1] at 6). In his Amended Objections, Petitioner repeats his argument that appellate counsel was effective for failing to properly pursue evidence that Petitioner had left threatening messages on the victim's phone when in fact the evidence showed that the victim did not have a message service of his phone.

The state habeas court rejected this claim as follows:

> Appellate counsel requested phone records as part of her investigation into Petitioner's ineffective assistance of trial counsel claims to establish whether or not it was an error for trial counsel not to utilize the phone records. Petitioner had expressed interest in these records because of phone calls of a harassing nature between himself and the

> victim. The record shows that trial counsel told appellate counsel he
> did not pursue the phone records because he didn't think they would
> be helpful and felt they would help establish motive for the State.
> Ultimately appellate counsel did not raise an ineffectiveness claim
> based on trial counsel's failure to introduce phone records because
> they would have not been helpful to Petitioner's case at trial and
> would have bolstered the State's case for motive.
>
> . . . .
>
> Petitioner has failed to show that his appellate counsel's performance
> was deficient or that he was prejudiced by it. Appellate counsel stated
> that she did not raise trial counsel's failure to introduce telephone
> records at the motion for new trial because she did not believe that it
> was a viable issue and that it was within the trial strategy of trial
> counsel.

([10.4] at 7-8).

The Magistrate Judge found that Petitioner failed to identify an error that is "well understood and comprehended in existing law beyond any possibility for fairminded disagreement . . . especially in light of the Supreme Court's admonition that a claim of ineffective assistance of counsel must fail if there is 'any reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard,'" (R&R at 13 (quoting <u>Richter</u>, 562 U.S. at 103-105)). Upon *de novo* review, the Court finds that Petitioner has failed to demonstrate that he was prejudiced by the failure of appellate counsel to claim on appeal that trial counsel had provided ineffective assistance of counsel by not introducing the allegedly exculpatory phone records at trial. Petitioner has also failed to show that the phone records are exculpatory.

11

C. <u>Procedural Default</u>

Petitioner objects to the Magistrate Judge's rejection of Petitioner's final two grounds for relief in his Petition. First, Petitioner argues that trial counsel failed to investigate his case, interview any of his requested witnesses or do an in-depth interview of any witness, and "was unaware of the circumstances of [his] trial." (Petition at 8). In support, Petitioner asserts:

> Trial counsel rendered ineffective assistance when there was no pre-trial investigation into the preferred defense of "Mistaken Identity." Counsel put forth no evidence or called any witness to this failed strategy. And the only interview done on behalf of trial counsel Mr. Meck['s] office was of a witness (Maddox) who wasn't called and gave a complete[ly] different description of the events [] of April 16, 2007.

([16] at 9). Petitioner notes that trial counsel failed "to acquire material evidence of phone records" and failed to interview critical witnesses, including Petitioner's girlfriend, prior to trial. (<u>Id.</u> at 10).

Second, Petitioner argues that trial counsel "failed to adversely contend [his] case," was "totally unprepared to address any issue at [his] trial" and refused "to address the perjured testimony of the state witness." (Petition at 10). In support, Petitioner asserts that "[t]rial counsel's inadequate investigation was also present in his failure to adversely contend [the] prosecutor[']s case with impeachable facts" regarding the termination from police employment of the state's witness, Officer

12

Shannon Bradley, who chased Petitioner into the woods. (See [12.1] at 290-91). Petitioner argues that trial counsel's lack of preparation reveals the complete lack of a defense strategy, which "shows that counsel's actions actually resulted from inattention or neglect, rather than reasoned judgment." ([16] at 10-11).

The Magistrate Judge found that "[b]ecause Petitioner had new counsel for his motion for new trial and on direct appeal, he was obligated to raise his claims of ineffective assistance of trial counsel in his motion for new trial to avoid the procedural default of these claims." (R&R at 19). The Magistrate Judge found further that "Petitioner has not demonstrated, or even alleged, ineffective assistance of appellate counsel, or any other cause, to excuse the procedural default of his federal habeas ground three and four claims, which are therefore barred from merits review in this Court." (Id. at 20). Petitioner objects to the Magistrate Judge's ruling on the grounds that he "has shown established cause for this procedural default in showing that his trial and appellate counsel was so inadequate that it violated his Sixth Amendment right to effective assistance of counsel." (Amended Objections at 6).

Federal habeas review is generally barred for a claim that was procedurally defaulted in state court, i.e., a claim "not resolved on the merits in the state proceeding" based on "an independent and adequate state procedural ground."

Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977). "[W]here the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the Petitioner's federal claims are barred, Sykes requires the federal court to respect the state court's decision." Bailey v. Nagle, 172 F.3d 1299, 1302 (11th Cir. 1999); see also Bucklon v. Sec'y, Fla. Dep't of Corr., 606 Fed. Appx. 490, 492 n.2 (11th Cir. 2015).

A petitioner may obtain federal habeas review of procedurally defaulted claims by (1) showing cause and actual prejudice, or (2) presenting "proof of actual innocence, not just legal innocence." Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010). To demonstrate actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327.

Here, Petitioner does not argue that the Magistrate Judge improperly found that Petitioner failed to raise his claims of ineffective assistance of trial counsel in his motion for new trial, and the Court finds no plain error in this finding.

Petitioner instead objects that he has stated proper cause to excuse his procedural default. Upon *de novo* review, this Court finds that Petitioner has failed to show that his counsel's assistance was so ineffective that it violated his Sixth Amendment right to counsel or "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).

    D.    Certificate of Appealability

A federal habeas "applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2254 Cases in the United States District Courts, Rule 11(a). A court may issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed

further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

> When the district court denies a habeas petition on procedural grounds . . ., a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack, 529 U.S. at 484.

The Magistrate Judge found that a COA should be denied because there is no reasonable argument to support a finding that Petitioner has presented a non-defaulted ground of sufficient merit to warrant federal habeas relief, a certificate of appealability should not issue in this case. The Court agrees, and a COA is denied. Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Final Report and Recommendation [17] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Objections to the R&R [21]

are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Amend Objections [22] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Amended Objections to the R&R [23] are **OVERRULED**

**IT IS FURTHER ORDERED** that Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus [1] is **DENIED**. A COA is **DENIED**.

**SO ORDERED** this 6th day of February, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE